## HOOD *v.* SENNETT ET AL.

SPECIAL CONSTABLE.—*Liability of Justice and his Sureties for Torts of.— Their Rights Against Him.—Principal and Surety.*—Where a special constable is appointed by a justice of the peace, under section 110 of the justices' act, 2 R. S. 1876, p. 638, section 111 of that act imposes upon such justice and his sureties the liability of sureties for such special constable. And 'if they be compelled, as such sureties, 'to pay a judgment rendered against them for official misconduct of such special constable, they may maintain an action against him, for the sum so paid.

SAME.—*Service of Execution, by Special Constable.*—The appointment of a special constable to serve a summons in an action empowers him to also serve an execution upon the judgment rendered therein.

From the Warren Circuit Court.

*W. P. Rhodes,* for appellant.

*J. McCabe* and *J. M. Rabb,* for appellees.

NIBLACK, J.—This suit was commenced before a justice of the peace of Warren County, by Martin P. Sennett and Benjamin F. Marple, against James W. Hood.

The complaint stated that on a certain day in August, 1876, one James H. Hood was a justice of the peace in and for Kent township, in said county, and that he, on that day, as such justice, rendered a judgment against one John H. Heald in favor of Aaron Y. Taylor and others; that, at the inception of the proceedings resulting in such judgment, said justice appointed James W. Hood, the defendant, a special constable in said cause, and noted such appointment on his docket; that afterward, in the same month, said justice issued an execution on such judgment, together with executions on several other judgments on his docket against the said Heald, all of which were delivered to the defendant as such special constable; that the defendant, acting solely by authority of his said appointment as special constable, and under the first named execution, levied said execution on a stock of drugs, groceries and fixtures, situate in a certain building in State Line

City, in said county, belonging to the said Aaron Y. Taylor, such drugs, groceries and fixtures being at the time the property of one Henrietta Temple, and not subject to such execution; that the defendant, with full knowledge of the rights of the said Henrietta, wrongfully closed said building and squandered and sold a large portion of the property so levied on by him; that afterward the said Henrietta brought suit against said justice on his official bond, and against the plaintiffs as sureties on such bond, for said wrongs and trespasses of the defendant, and recovered a judgment in such suit against them, at the March term, 1877, of the Warren Circuit Court, for $260 and costs; that the plaintiffs, as such sureties, had been compelled to pay, and had paid, the sum of $180 on said last named judgment. Wherefore the plaintiffs demanded judgment against the defendant for $200.

Judgment having been rendered against the defendant before the justice, he appealed to the circuit court, where he demurred to the complaint for want of sufficient facts to sustain the action, but his demurrer was overruled. The defendant refusing to answer further, judgment was rendered against him for $184.

Error is assigned only upon the overruling of the demurrer to the complaint.

Section 110 of the justices' act, 2 R. S. 1876, p. 638, authorizes a justice of the peace, in certain emergencies, to " appoint a special constable to act in a particular cause;" such appointment to be noted on the docket in such cause; and such special constable, when so appointed, shall discharge all duties in said cause, pertaining to the office of a constable.

Section 111 of the same act provides that " The justice appointing such constable shall, with his sureties, be liable on his official bond, for any neglect of duty, or illegal proceedings by such constable in such cause."

This latter section creates the relation of principal and surety between the special constable, on the one hand, and the justice and his sureties on the other, the latter being made responsible for the official acts of the former. It necessarily follows, that where the justice, or any one of his sureties, has been compelled to pay, and has actually paid, money on account of some liability incurred as such surety for a special constable, such justice or his surety, as the case may be, may maintain an action against the special constable for the money so paid, as for money paid to his use.

It is objected that the appointment of the appellant as special constable, averred in the complaint, did not authorize him to do more than serve the summons in the cause in which he was appointed, but we cannot sustain that objection. We think that, when a special constable has been once appointed in a cause, he is authorized to perform all the subsequent duties required of a constable in that cause.

The complaint appears to us to have made a good *prima facie* case against the appellant, and to have been sufficient upon demurrer.

The judgment is affirmed, at the appellant's costs.